# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | 1:19-cv-02134 |
| | ) | |
| v. | ) | Judge Guzman |
| | ) | Magistrate Judge Schenkier |
| CHECKR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## INITIAL STATUS REPORT & PROPOSED SCHEDULING ORDER

### A. Nature of the Case

1. **Bases for Jurisdiction:**

   Jurisdiction of this Court arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681 et seq., and pursuant to 28 U.S.C. §1331 and §1337. Venue is proper in this district pursuant to 28 U.S.C. §1391(b);

2. **Nature of the Claims and Counterclaims:**

   Plaintiff has alleged that, as part of his employment with Uber he was required to submit to a background check. At Uber's request, Defendant provided a background report ostensibly pertaining to Plaintiff and his criminal history. The background report sold by Defendant to Uber, however, contained information that reflected that Plaintiff had been convicted of a felony, but Plaintiff claims he was not the individual that committed the felony. Plaintiff has alleged that Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information it was reporting, in violation of 15 U.S.C. § 1681e(b).

3. **Relief Sought by Plaintiff:**

1

Plaintiff claims the following damages: (1) statutory damages under the FCRA; (2) actual/compensatory damages in the nature of lost wages; (3) harm to reputation; (4) actual/compensatory damages in the nature of emotional distress, including anxiety, frustration, embarrassment, humiliation, etc.; (5) punitive damages; and (6) attorney's fees and costs.

4. **Name of Any Parties that have not been Served:**

    All parties have been served.

5. **Major Legal Issue:**

    Whether Defendant's actions constitute a violation of the FCRA; whether Plaintiff suffered any damages as a result of Defendant's alleged conduct; whether Plaintiff agreed to arbitrate this dispute with Defendant.

6. **Major Factual Issues:**

    Whether Defendant violated the FCRA during the preparation of the background report by failing to follow reasonable procedures to assure maximum possible accuracy of the information it reported about Plaintiff.

7. **Citations to Key Authorities that will assist the Court in Understanding and Ruling on the Issues:**

    15 U.S.C. 1681 et seq.

### B.　Draft Scheduling Order

1. **Discovery:**

    The parties participated in a joint scheduling conference on June 20, 2019. The parties request all merits discovery in this matter be stayed pending the resolution of Defendant's Motion to Compel Arbitration (the "Motion"). The parties jointly request a

period of sixty (60) days to conduct limited discovery directed at issues relevant to the Motion. The parties propose the following schedule:

- August 23, 2019: Deadline to conduct limited discovery on the issues relevant to the Motion.

- September 13, 2019: Deadline for Plaintiff's response to the Motion.

- September 27, 2019: Deadline for Defendant's Reply in support of the Motion.

Should the Court deny Defendant's Motion to Compel Arbitration, the parties will submit a joint discovery plan to the Court for consideration.

2. **Motions:**

Defendant has filed a motion to compel arbitration, which remains pending with the court.

Any dispositive motions shall be filed within thirty days of the cutoff of expert discovery.

3. **Trial, Final Pretrial Order and Conference:**

The parties agree that a date for the Trial, Pretrial Order, and Conference should be selected if the Court denies the Motion. The parties agree that this case will be ready for trial approximately fourteen months after a ruling on the Motion.

### C.     Trial Status

1. **Jury Demand:** A jury demand has been made by Plaintiff.

2. **Probable Length of Trial:** 2-3 days.

### D.     Consent to Proceed Before a Magistrate Judge

The parties do not consent to proceed before Magistrate Judge Schenkier for all proceedings including trial.

### E.     Settlement Status

The parties are currently engaged in settlement discussions.

### F.     Other Matters

a. **Electronic Service of Discovery:** The parties agree that, pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers, including discovery requests, may be served by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be either Microsoft Word (.doc or .docx) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, then the sending party shall promptly (within three (3) business days of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

b. **Exhibits:** The parties agree to use a unified exhibit numbering system for any depositions to be taken by either party in this matter.

| For Plaintiff, Reginald Edwards | For Defendant, Checkr, Inc |
|---|---|
| s/ David M. Marco | s/ Cindy D. Hanson |
| David M. Marco<br>IL Bar No. 6273315/FL Bar No. 125266<br>SMITHMARCO, P.C.<br>55 W. Monroe Street, Suite 1200<br>Chicago, IL 60603<br>Telephone: (312) 546-6539<br>Facsimile: (888) 418-1277<br>E-Mail: dmarco@smithmarco.com | Cindy D. Hanson<br>TROUTMAN SANDERS LLP<br>600 Peachtree Street NE, Suite 3000<br>Atlanta, GA 30308<br>Telephone: (404) 885-3830<br>Facsimile: (404) 885-3900<br>E-Mail: cindy.hanson@troutman.com |